IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert Maurice Johnson, | ) | C/A No.: 3:23-3348-SAL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER AND |
| State of South Carolina; Jarvis | ) | NOTICE |
| Crim; and Whitney Harrison, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Robert Maurice Johnson ("Plaintiff"), proceeding pro se, filed this

complaint against State of South Carolina, Jarvis Crim, and Whitney Harrison

("Defendants"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule

73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such

complaints for relief and submit findings and recommendations to the district

judge. For the following reasons, the undersigned recommends this matter be

summarily dismissed.

I.    Factual and Procedural Background

Plaintiff's complaint states:

Jarvius Crim collected a urine specimen on the date of 2-26-2020
that I couldn't possibly submit because Whitney Harrison had
violated my HIPAA privacy by recording our conversation and
sending it to the police resulting in one banned from the Alpha
Center.

[ECF No. 1 at 6] (errors have been corrected for clarity). He seeks $20,000 for

1

every month for the rest of his life. *Id.*

II.    Discussion

A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should

2

do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.    Analysis

1.    Failure to Meet Pleading Requirements for Complaint

Plaintiff has failed to meet the minimal standards for filing a complaint. A civil action is commenced by filing a complaint with the court. Fed. R. Civ. P. 3. Pursuant to Fed. R. Civ. P. 8(a), a pleading that states a claim for relief must contain:

(1)    a short and plain statement of the grounds for the court's
       jurisdiction, unless the court already has jurisdiction and
       the claim needs no new jurisdictional support;

(2)    a short and plain statement of the claim showing that the
       pleader is entitled to relief; and

(3)    a demand for the relief sought, which may include relief in
       the alternative or different types of relief.

Plaintiff's complaint does not meet any of the three requirements under Fed.

R. Civ. P. 8(a).

As to the first requirement, Plaintiff checked the box indicating this

court has "[f]ederal question" jurisdiction, but he has not alleged any federal

cause of action. [ECF No. 1 at 4]. He wrote "tampering with state evidence

retaliation, perjury, violation of privacy, falsifying state documents," which

does not advise the court of the federal cause of action. *Id.* Additionally, he

states that one defendant is a citizen of South Carolina and fails to provide

citizenship of the remaining defendants. *Id.* at 5. Thus, it does not appear

Plaintiff has alleged a basis for the court's jurisdiction.

As to the second requirement, Plaintiff provided a short, plain statement,

but his statement does not show he is entitled to relief. *See* ECF No. 1 at 1.

There is no explanation of who the individual defendants are and how they

allegedly wronged him. *Id.*

## 2.    Lack of Subject-Matter Jurisdiction

As discussed briefly above, Plaintiff made no allegation as to the grounds

for the court's jurisdiction. *See* ECF No. 1 at 2–3.

4

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject-matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189–90 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court.").

When a complaint fails to include "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley*, 191 F.3d at 399 (citations omitted). However, if the court, viewing the allegations in the

5

light most favorable to a plaintiff, finds insufficient allegations in the pleadings, the court will lack subject-matter jurisdiction. *Id.*

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) diversity of citizenship pursuant to 28 U.S.C. § 1332, and (2) federal question pursuant to 28 U.S.C. § 1331. The allegations contained in this complaint do not fall within the scope of either form of the court's limited jurisdiction.

Plaintiff alleges no specific violation of the Constitution or federal statute, and no federal question jurisdiction is evident from the face of the complaint. *See* ECF No. 1 at 2. He also fails to allege facts that support diversity of citizenship. *See id.* at 1. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties in a case means no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 nn.13–16 (1978). Plaintiff fails to identify all the defendants' citizenship. Therefore, Plaintiff's complaint fails to demonstrate complete diversity of citizenship, rendering the court without diversity jurisdiction. Accordingly, Plaintiff's complaint is subject to summary dismissal for lack of subject-matter jurisdiction.

6

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **August 8, 2023**, along with any appropriate service documents. Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A.  If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

July 18, 2023                                           Shiva V. Hodges
Columbia, South Carolina                 United States Magistrate Judge