IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Robert Maurice Johnson,

                              Plaintiff,

v.

State of South Carolina; Jarvis Crim;
Whitney Harrison,

                              Defendants.

C/A No. 3:23-cv-3348-SAL

**OPINION AND ORDER**

Plaintiff Robert Maurice Jenkins, proceeding pro se, filed this complaint against the State of South Carolina, Jarvis Crim, and Whitney Harrison. [ECF No. 1.] This matter is before the court for review of the Report and Recommendation of Magistrate Judge Shiva V. Hodges (the "Report"), ECF No. 14, recommending that this case be summarily dismissed for lack of subject matter jurisdiction. Plaintiff filed objections to the Report. [ECF No. 16.]

**STANDARD OF REVIEW**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record

1

in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The relevant facts and standards of law on this matter are incorporated from the Report. In summation, Plaintiff filed this action against the named defendants and offered the following statement of his claim: "Jarvis Crim collected a urin[e] specimen on the date of 2-26-2020 that I couldn't possibly submit because Whitney Harrison had violated my HIPPA privacy by recording our conversation and sending it to the police resulting in me being temporarily banned from the Alpha Center." [ECF No. 1 at 6.] As for relief, Plaintiff seeks $20,000 for every month for the rest of his life. *Id.*

As set forth in the Report, Plaintiff's complaint is deficient in many respects. He has failed to meet the pleading requirements, as he has failed to properly allege any grounds for the court's

jurisdiction. [ECF No. 14 at 4–5.] Additionally, Plaintiff has not provided a short, plain statement that shows he is entitled to relief. *Id.* at 5. As pointed out by the magistrate judge, "[t]here is no explanation of who the individual defendants are and how they allegedly wronged [Plaintiff]." *Id.* Regarding subject matter jurisdiction, the Report explains the different bases of federal subject matter jurisdiction but concludes that Plaintiff's complaint fails to establish jurisdiction exists. He has failed to allege a specific violation of the constitution or a federal statute, and he has failed to establish diversity jurisdiction. *Id.* at 5–7. Because Plaintiff has failed to demonstrate this court has subject matter jurisdiction over the instant case, the magistrate judge recommends dismissal. *Id.* at 7.

Plaintiff filed objections to the Report in which he implores the court provide counsel for him in this case. He asserts that he has schizoaffective disorder, which makes it difficult to communicate and to conduct himself in a professional setting. [ECF No. 16 at 1.] According to Plaintiff, he tried to get an attorney to handle this case, but he has no money for a retainer, and some attorneys that he reached out to said they did not "deal with those types of cases." *Id.* Plaintiff makes multiple claims about a Lieutenant Cato, which appear to be related to a previous case he filed at a time when Plaintiff was incarcerated. *Id.* at 1–2. Plaintiff indicates this is a public safety issue, and he needs to gather evidence to make money so he can leave the state. *Id.* at 2. Attached to Plaintiff's objections are documents, including a notice from the Social Security Administration that Plaintiff has a continuing disability, handwritten requests for discovery, and responses to FOIA requests from the South Carolina Law Enforcement Division. [ECF No. 16-1.]

After receiving Plaintiff's objections, the court received another document from Plaintiff. It was filed as a letter, but the first line reads "Motion for Relieve or Default Judgement." [ECF

No. 19 at 1.] After that, the document recites parts of the procedural history of this case. *Id.* Plaintiff again expresses his need for an attorney. *Id.* He then states, "my claim is that state funded employee's com[m]it[t]ed crimes ag[ai]nst me with the aid of these state ap[p]ointed aut[h]ority . . . ." *Id.*

The court has carefully reviewed Plaintiff's objections, and the document received on December 1, 2023. *See* ECF Nos. 16, 19. In these filings, primarily, Plaintiff seeks the appointment of counsel to assist him in this case. However, the court sees no basis for the appointment of counsel. Previously, the court denied Plaintiff's motion for appointment of counsel, noting that the court has been able to follow Plaintiff's submissions to the court, particularly regarding his mental health issues, but Plaintiff has not adequately presented a colorable claim that warrants the appointment of counsel. *See* ECF No. 13 at 2. This conclusion remains true, and the court again denies the request for counsel. In his objections and other submissions to the court, Plaintiff has failed to demonstrate subject matter jurisdiction. *See* ECF No. 14 at 4–7. Even liberally construed, Plaintiff's vague statement that he is claiming that state-funded employees committed crimes against him does not sufficiently set forth a basis for either federal question or diversity subject matter jurisdiction. And Plaintiff's other objections have no impact on this conclusion. Accordingly, the court overrules Plaintiff's objections and dismisses this case for lack of subject matter jurisdiction.

**CONCLUSION**

After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error in the Report.  After a *de novo* review of each part of the Report to which Petitioner specifically objected, the court hereby adopts the Report and Recommendation, ECF No. 14.  For the reasons discussed above and in the Report, Plaintiff's action is dismissed without prejudice and without leave for further amendment.

**IT IS SO ORDERED.**

May 6, 2024
Columbia, South Carolina

Sherri A. Lydon
United States District Judge

5